IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LAWRENCE NEASE,

    Plaintiff,

v.                            Case No.: 4:17-cv-258

CENTERLINE UNDERGROUND SERVICES, LLC
and DAVE MASSEY,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAWRENCE NEASE, by and through his undersigned counsel, hereby sues the Defendants, CENTERLINE UNDERGROUND SERVICES, LLC and DAVE MASSEY, and in support thereof alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2.    Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by Title 29 U.S.C. §216(b).

## VENUE

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, has offices located in Houston, Texas.

## THE PARTIES

4.      Plaintiff is an individual who resides in San Antonio, Texas, and worked for Defendants from February 18, 2016, through November 15, 2016, as an "equipment operator" digging ditches and engaging in other manual and equipment based construction type labor.  Plaintiff was paid an hourly rate of $16.00, plus bonuses, but was not paid the appropriate half-time premium required under the FLSA.  The Plaintiff's time records, in the possession of the Defendant should accurately reflect the number of hours Plaintiff worked in each workweek.

5.      Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, is a corporation formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Houston, Texas,

6.      Defendant, DAVE MASSEY, is a resident of Houston, Texas.

## COMMON ALLEGATIONS

7.     Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, operates a company primarily engaged in business of installing underground utilities and is an employer as defined by 29 U.S.C. § 203(d).

8.     Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.     At all times material to this complaint, Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     At all times material hereto, Defendant, DAVE MASSEY, actively ran the business of Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, on a day-to-day basis and acted directly or indirectly in the interest of Defendant, CENTERLINE UNDERGROUND SERVICES, LLC, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

12.     Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement products and information in interstate commerce.  Specifically, Plaintiffs work allowed the placement of utilities through which interstate commerce flows.

13.     *Inter alia*, Defendant, DAVE MASSEY, had the ability to hire and fire plaintiff; and, controlled plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. §203(d).

14.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

15.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

16.     Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

17.     Plaintiff has retained the law firm of Ross Law, P.C., to represent him

in this action. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## COUNT I. UNPAID OVERTIME WAGES

18.    Plaintiff re-alleges and incorporated paragraphs 1-17, *supra*, as if fully set forth herein.

19.    During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

20.    Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek. Instead, Plaintiff was paid his hourly rate for all hours worked without any additional half-time premium.

21.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

22.     The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a.     Unpaid overtime wages found to be due and owing;

b.     An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.     Prejudgment interest in the event liquidated damages are not awarded;

d.     Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.     For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted, January 27, 2017.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Thomas H. Padgett, Jr.*
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID: 11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph: 800-634-8042
Ph: 512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**